**KOLLER LAW LLC**
David M. Koller (90119)
Jordan D. Santo (320573)                                                *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROOKE JONES,                              :<br>114 Cranberry Circle                          :<br>Perkasie, PA 18944                           :<br>           Plaintiff,              :<br>                        :<br>    v.                                       :<br>                        :<br>REMOVERY, LLC d/b/a REMOVERY       :<br>TATTOO REMOVAL & FADING,          :<br>140 Allendale Road, Suite 200              :<br>King of Prussia, PA 19406                   :<br>                        :<br>800 West Cesar Chavez Street, Suite B 101 :<br>Austin, TX 78701                                 :<br>           Defendant.              :<br>                        : | **Civil Action No.**<br><br>**Complaint and Jury Demand** |

## COMPLAINT

Plaintiff, Brooke Jones, through her counsel, Koller Law LLC, brings this civil matter against Defendant, Removery, LLC d/b/a Removery Tattoo Removal & Fading, for violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and wrongful termination in violation of public policy. In support thereof, Plaintiff avers as follows:

### IDENTIFICATION OF THE PARTIES

1. Plaintiff is Brooke Jones (hereinafter "Plaintiff"), an adult individual who is domiciled in the Commonwealth of Pennsylvania at 114 Cranberry Circle, Perkasie, PA 18944.

2. Defendant, Removery, LLC d/b/a Removery Tattoo Removal & Fading (hereinafter "Defendant") is a tattoo removal service with a location at 140 Allendale Road, Suite 200, King of Prussia, PA 19406 and a corporate headquarters located at 800 West Cesar Chavez Street, Suite B 101, Austin, TX 78701.

3. Upon information and belief, Defendant is a privately owned company.

## JURISDICTION AND VENUE

4. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

6. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial

district.

## MATERIAL FACTS

9. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

10. In early October 2022, Defendant hired Plaintiff in the position of Laser Tattoo Removal Specialist.

11. Plaintiff was well qualified for her position and performed well.

12. During the hiring process, Plaintiff informed Tricia Wherry, Regional Manager, that she was a Reservist in the United States Air Force.

13. As a result, she would have to miss one (1) Saturday per month and two (2) weeks per year because of her military commitments.

14. In response, Ms. Wherry expressed concern about the time off that Plaintiff was required to take a result of her military commitments, but informed her that they would figure it out.

15. From October 10, 2022 to October 21, 2022, Plaintiff underwent training at Defendant's location in Austin, TX.

16. Plaintiff then underwent training at Defendant's location in Detroit, MI from October 24, 2022 to October 29, 2022.

17. On October 25, 2022, Plaintiff received notice from the United State Air Force that she was tentatively placed on orders for 30-60 days to begin on November 10, 2022.

18. Plaintiff immediately informed Ms. Wherry of this.

19. Ms. Wherry stated to Plaintiff that Defendant could not work with that schedule and instructed her to keep her informed of the status of her orders.

20. However, shortly afterwards, Plaintiff received notice that the orders were postponed.

21. Plaintiff immediately informed Ms. Wherry of this.

22. On October 29, 2022, Plaintiff had a video call with Ms. Wherry.

23. During this video call, Ms. Wherry informed Plaintiff that she had received numerous complaints of her alleged poor performance and attitude.

24. Plaintiff was never informed of any poor performance and/or attitude during her training and told this to Ms. Wherry.

25. On November 4, 2022, Gillian LNU, Field Trainer, issued Plaintiff a performance review with a 4.5/5 stars rating.

26. This contradicted what Ms. Wherry had alleged to Plaintiff on October 29, 2022.

27. Later that day, on November 4, 2022, Plaintiff received notice from the United States Air Force that he was set to go on orders on November 14, 2022.

28. Plaintiff proceeded to inform Ms. Wherry of her scheduled orders.

29. On November 8, 2022, Plaintiff reported to work at Defendant and was called by Ms. Wherry and a Human Resources Representative.

30. Ms. Wherry proceeded to terminate Plaintiff allegedly due to her attitude not changing.

31. She stated further that it did not have anything to do with her military commitments.

32. Plaintiff complained that she had never been informed of any issues with her attitude from her Trainers and that she believed that her termination was due to her military commitments.

33. However, Ms. Wherry and the Human Resources Representative continued with her termination.

34. It is Plaintiff's position that she was terminated due to her military commitments in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and in violation of public policy.

### COUNT I – DISCRIMINATION/RETALIATION
### UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

35. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

36. Plaintiff is a member of the United States Air Force Reserves.

37. Plaintiff notified Defendant of her military commitments due to being a United States Air Force Reservist.

38. Thereafter, Defendant took adverse employment action against Plaintiff, including, but not limited to, termination.

39. There exists a causal connection between Plaintiff's military commitments and the adverse employment action.

40. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – WRONGFUL TERMINATION
### VIOLATION OF PUBLIC POLICY

41. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

42. Plaintiff was an at-will employee with Defendant.

43. Although Pennsylvania adheres to the at-will employment doctrine, an employee may bring a cause of action for termination "where the termination implicates a clear mandate of public policy." *Weaver v. Harpster*, 975 A.2d 555, 563 (Pa. 2009).

44. Public policy of the Commonwealth of Pennsylvania is determined by reference to judicial decisions of Pennsylvania courts, the Pennsylvania constitution, and statutes promulgated by the Pennsylvania legislature. McLaughlin v. Gastrointestinal Specialists, Inc., 561 Pa. 307 (2000).

45. Public employees have the right to organize and collectively bargain under the Public Employee Relations Act, a valid statute promulgated by the Pennsylvania legislature. 43 P.S. §§1101.101 *et seq.*

46. The Pennsylvania Constitution espouses the public policy that the free communication of thoughts and opinions is an invaluable right and every citizen may freely speak or write, subject to being held responsible for an abuse of that liberty. Pa. Const. art. 1 § 7.

47. Discharging an employee in retaliation for military commitments is a violation of the at-will employment doctrine.

48. Defendant terminated Plaintiff in retaliation for her military commitments.

49. Plaintiff's conduct is protected by the Public Employee Relations Act and Article 1, Section 7 of the Pennsylvania Constitution.

50. This is a violation of the at-will employment doctrine in Pennsylvania as it violates the public policies protected by the above-referenced statutory and constitutional authorities.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Brooke Jones, requests that the Court grant her the following relief against Defendant, Removery, LLC d/b/a Removery Tattoo Removal & Fading:

    a) Damages for past and future monetary losses as a result of Defendant's wrongful termination;

    b) Compensatory damages;

    c) Punitive damages;

    d) Liquidated damages;

e) Emotional pain and suffering;

f) Reasonable attorneys' fees;

g) Recoverable costs;

h) Pre and post judgment interest;

i) An allowance to compensate for negative tax consequences;

j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

k) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: February 10, 2023

*/s/ David M. Koller*_____
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*